UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dominique Elise Bergeron,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Accra Care, Inc.,<br><br>　　　　　Defendant. | Case No. 23-cv-3281 (SRN/DJF)<br><br><br>**ORDER** |

Dominique Elise Bergeron, 3045 Bloomington Ave #7173, Minneapolis, MN 55407, Pro Se.

Alexandra Tyre Carthew and Emily A. McNee, Littler Mendelson, PC, 1300 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Accra Care, Inc.'s Motion to Dismiss [Doc. No. 5]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court grants the motion.

I.　BACKGROUND

On July 16, 2023, Dominique Bergeron filed a pro se complaint against Defendant Accra Care, Inc. in Anoka County District Court, in the Tenth Judicial District of the State of Minnesota. (Notice of Removal [Doc. No. 1] at 1, 9.) The Complaint, in total, reads as follows:

1

CASE 0:23-cv-03281-SRN-DJF   Doc. 11   Filed 10/25/23   Page 5 of 7

Filed in District Court
State of Minnesota
7/16/2023 3:10 PM

Civil

Dominique Elise Bergeron

Vs

Accra Care The Agency

A.

1. discriminated in an housing process- Federal Fair Housing Act, 2) work discrimination, 3) Child endangerment, 4) Liability and or negligence causing wrongful death of a 3yr old child, 5) breach of contract 6) Child endangerment 7) Violating Fair Labor Standards Act Dominique signed up for a job that both implied and was promised safety, correct wages, non discrimination within the work place and or anything surrounding the or pertaining to the job and or her information.

B. False wage reporting, Conflict of interest

Plaintiff request a relief sum 5 million dollars.

I declare under penalty of perjury that this is true and correct to ones knowledge

Dominique Elise Bergeron   07/16/2023

3045 Bloomington Ave #7173

Mpls, MN 55407

NewFoundationLaw@gmail.com

(*Id.* at 9.) On October 25, 2023, counsel for the Defendant filed a Notice of Removal to federal court. (*Id.* at 1–4.) Then, on November 1, 2023, counsel for the Defendant moved this Court to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(5) (insufficiency of service of process) and 12(b)(6) (failure to state a claim upon which relief

2

can be granted). (Mot. to Dismiss [Doc. No. 5].) The Defendant requested that, in the alternative, the Court order Ms. Bergeron to provide a more definite statement of her claims. (*Id.*)

On November 16, 2023, Ms. Bergeron filed a notice document captioned "Rule 63." (Rule 63 Notice [Doc. No. 13].) This document includes complaints against a state court judge overseeing another of Ms. Bergeron's legal matters. It does not appear to contain any reference to the allegations in Ms. Bergeron's complaint or any response to the Defendant's motion to dismiss. (*See id.*)

On November 22, 2023, Ms. Bergeron filed a motion to amend her complaint, wherein she requested that her original complaint be amended to include the Defendant's proper business name ("Accra Care, Inc.") and to remove the mistaken name ("Accra Care, The Agency") from the complaint. (Mot. to Amend [Doc. No. 15].) On November 27, 2023, Ms. Bergeron filed a document captioned "Complaint/Joinder", which does not identify the Defendant in this case as a defendant or bear any reference to Ms. Bergeron's original complaint. (Am. Compl. [Doc. No. 17].)

On November 27, 2023, Magistrate Judge Dulce Foster granted Ms. Bergeron's motion to amend her complaint. (Nov. 27, 2023 Order [Doc. No. 18].) Magistrate Judge Foster ordered Ms. Bergeron to file an amended complaint on or before December 11, 2023. (*Id.*) In the order, Magistrate Judge Foster made clear that Ms. Bergeron's amended complaint must comply with Local Rule 15.1(a), which requires any amended pleading to "be complete in itself" and "not incorporate by reference any prior pleading." (*Id.*) Ms. Bergeron has not filed any documents since November 27, 2023, or requested an extension

to any filing deadlines. Accordingly, on December 18, 2023, Magistrate Judge Foster ordered that Ms. Bergeron's original complaint be deemed the operative pleading in this matter. (Dec. 18, 2023 Order [Doc. No. 20].)

Ms. Bergeron's deadline to file a response to the Defendant's motion to dismiss was November 22, 2023. *See* Local Rule 7.1(c)(2) (a responding party must file and serve a responsive memorandum of law within 21 days after the filing of a dispositive motion). To date, Ms. Bergeron has not filed any such response, or any notice of her intent to do so. Accordingly, the Court deems the motion to dismiss unopposed.

## II. DISCUSSION

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and construes them in the light most favorable to the nonmoving party. *Glick v. Western Power Sports, Inc*, 944 F.3d 714, 717 (8th Cir. 2019). However, the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Id.* (citing *Hanten v. Sch. Dist. Of Riverview Gardens*, 183 F.3d 199, 805 (8th Cir. 1999)). Although a complaint may survive a Rule 12(b)(6) without detailed allegations, it must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Although pro se complaints are to be construed liberally, they must still allege sufficient facts to support the claims advanced. *Sandknop v. Missouri Dep't of Corrs.*, 932 F.3d 739, 742 (8th Cir. 2019). The Court "is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to

4

save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (citing cases).

Ms. Bergeron's complaint, construed liberally and in the light most favorable to her, does not allege facts sufficient to state a claim for relief that is plausible on its face. Absent any factual allegations to support the causes of action listed, the complaint fails to give the Defendant any adequate notice of the nature of the lawsuit against it and fails to state any plausible basis for the lawsuit. The Court finds that Ms. Bergeron has had ample opportunity to amend her pleadings and to respond to the Defendant's motion. Accordingly, the Court grants the motion to dismiss for failure to state a claim under Rule 12(b)(6).

Because the Court finds that Plaintiff has not sufficiently alleged a plausible claim, the Court need not consider the Defendant's alternative grounds for dismissal under Rule 12(b)(5). *See Stennes v. Summit Mortg. Corp.*, No. 12-cv-913 (SRN/AJB), 2012 WL 5378086, at *1–2 (D. Minn. Oct. 31, 2012) (dismissing a complaint with prejudice on a Rule 12(b)(6) motion, despite alternative grounds to dismiss without prejudice).

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Accra Care, Inc.'s Motion to Dismiss is **GRANTED.**

2. The Complaint is **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 14, 2024              /s/ Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge